**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNICO MARINE SERVICES, LLC,<br><br>Defendant. | Civ. No. 1:24-cv-08841-RMB-SAK |

**STIPULATION OF SETTLEMENT AND ORDER**

WHEREAS, Plaintiff the United States of America ("United States"), by the authority of the Attorney General of the United States acting at the request of the United States Coast Guard ("Coast Guard"), filed a Complaint for civil penalties on August 29, 2024 alleging that the Defendant Unico Marine Services, LLC (the "Defendant") violated Section 311 of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1321, and the Coast Guard's pollution control regulations promulgated thereto;

WHEREAS, the Complaint seeks an award of civil penalties against the Defendant for the unauthorized discharge of oily bilge water from an articulated towing vessel, the *Teresa*, accompanying a commercial barge, the *Acadia* (collectively, "the articulated vessels"), into waters of the United States off the coast of New Jersey on September 1, 2021. The Complaint also seeks an award of civil penalties against the Defendant for violations of the Coast Guard's pollution control regulations promulgated pursuant to 33 U.S.C. § 1321(j), as authorized under 33 U.S.C. § 1321(b)(7)(C), by: (1) failing to maintain the capacity to retain oily water mixtures onboard the *Teresa*; (2) commencing commercial operations of the *Acadia* without a valid Coast Guard Certificate of Inspection ("COI") on at least five occasions; and (3) engaging in an international voyage without completing surveys of the *Acadia*, as required by its International Oil Pollution Prevention ("IOPP") certificate;

WHEREAS, on March 30, 2022, the articulated vessels were sold, which was approved by the court in *Glander International Bunkering Inc. v. M/V TERESA*, 586 F. Supp. 3d 189 (E.D.N.Y. 2022). The Defendant represents that, since that date, it has ceased maritime shipping operations in the United States; and

WHEREAS, the United States and the Defendant (collectively, the "Parties") recognize, and the Court by entering this Stipulation of Settlement and Order finds, that this Stipulation of Settlement and Order has been negotiated by the Parties in good faith and will avoid expensive and protracted litigation among the Parties; that this Stipulation and Order is a fair and reasonable settlement of the claims asserted by the United States, as specifically set forth in the Complaint; and that this Stipulation of Settlement and Order is fair, reasonable, and in the public interest;

NOW, THEREFORE, with the consent of the Parties, without adjudication or admission of any issue of fact or law, except as provided in Paragraphs A-C, and without any admission of liability by the Defendant, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. JURISDICTION AND VENUE

A. This Court has jurisdiction over the subject matter of this action and the parties to this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 311(b)(7)(E), (e), and (n) of the CWA, 33 U.S.C. § 1321(b)(7)(E), (e), (n). Venue is proper in this District under 28 U.S.C. §§ 1391 and 1395(a), and Section 311(b)(7)(E), (e), and (n) of the CWA, 33 U.S.C. § 1321(b)(7)(E), (e), (n), because the violations herein are alleged to have occurred in this judicial district and the Defendant has conducted business in this district, including at the time of the violations alleged in the Complaint.

B. For purposes of this Stipulation of Settlement and Order, or any action to enforce it, the Defendant consents to the Court's jurisdiction and consents to venue in this judicial district.

C. For purposes of entry of this Stipulation of Settlement and Order, or any action to enforce it, the Defendant agrees that the Complaint states a claim upon which relief may be granted pursuant to

Section 311 of the CWA, 33 U.S.C. § 1321.

D. The obligations of this Stipulation of Settlement and Order apply to and are binding upon the United States and upon the Defendant and its successors. Any change in the Defendant's ownership or corporate status shall not alter the obligations of the Defendant hereunder.

E. Within sixty days of the Effective Date of this Stipulation of Settlement and Order, the Defendant shall pay to the United States the sum of $350,000 as a civil penalty, together with interest accruing from the date on which the Stipulation of Settlement and Order is filed with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of filing of this Stipulation of Settlement and Order.

F. Defendant shall pay the civil penalty due to the United States by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of New Jersey (the "FLU") after the entry by the Court of this Stipulation of Settlement and Order. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which the Defendant shall use to identify all payments required to be made in accordance with this Stipulation of Settlement and Order. The FLU will provide the payment instructions to: Joe Walsh, Esq., Collier Walsh Nakazawa LLP at joe.walsh@cwn-law.com on behalf of the Defendant. At the time of payment, the Defendant through its counsel shall send notice that payment has been made to: (i) the Coast Guard via email at Mark.W.Tabala@uscg.mil; and (ii) the United States via email at eescdcopy.enrd@usdoj.gov. Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation of Settlement and Order in *United States v. Unico Marine Services, LLC*, and shall reference the civil action number, CDCS Number, and DOJ case number 90-5-1-1-12753.

G. In the event that the Defendant does not comply with the payment obligations of Paragraph E above, the Defendant shall pay a stipulated penalty to the United States in the amount of

one thousand dollars ($1,000) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall be paid in the same manner as provided for in Paragraph F above for payment of the civil penalty. Further, interest shall accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If the payment specified in Paragraph E is not made when due, then, in addition to other remedies herein or otherwise available by law, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and Order and reinstate this action.

H. Within ten business days of receipt of all amounts due under this Stipulation of Settlement and Order, the United States shall file a notice with the Court that full payment has been made.

I. The Defendant's payment of the civil penalty together with all accrued interest identified in Paragraph E above, and any stipulated penalties and interest required by Paragraph G above, shall constitute a complete settlement and shall be in full satisfaction of the Untied States' claims alleged in the Complaint through the date of filing of this Stipulation of Settlement and Order. This Stipulation of Settlement and Order is limited to the civil claims that are expressly alleged in the Complaint. This Stipulation of Settlement and Order is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those expressly alleged in the Complaint or any criminal liability of the Defendant.

J. Nothing in this Stipulation of Settlement and Order shall be constructed to release the Defendant or its agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit. This Stipulation of Settlement and Order is not a permit, or a modification of any permit, under any Federal, State, or local laws or regulations. Nothing contained herein shall be construed to prevent or limit the United States' rights to obtain penalties or injunctive relief under the CWA, 33 U.S.C. § 1251 *et seq.*, or any other law for other alleged

violations.

K. Civil penalties and any stipulated penalties paid pursuant to this Stipulation of Settlement and Order are not deductible by the Defendant or any other person for federal, state, or local tax purposes.

L. The Defendant consents to the entry of this Stipulation of Settlement and Order without further notice and agrees not to withdraw from or oppose its entry by the Court or to challenge any provision herein, unless the United States has notified the Defendant in writing that it no longer supports entry of this Stipulation of Settlement and Order.

M. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation of Settlement and Order through the date that the Defendant makes all payments(s) due under this Stipulation of Settlement and Order in accordance with the provisions herein.

N. This Stipulation of Settlement and Order shall be considered an enforceable judgment solely for the purposes of post-judgment collection of any unpaid civil and/or stipulated penalties and interest referred to in Paragraphs E and G above, in accordance with Rule 69 of the Federal Rules of Civil Procedure; the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008; and any other applicable statutory authority without further order of this Court. In the event all or any portion of the civil penalty or any stipulated penalties are not paid in accordance with the provisions of this Stipulation of Settlement and Order, the Defendant shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts due thereunder.

O. This Stipulation of Settlement shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Stipulation of Settlement and Order.

P. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Defendant's operations, the Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of

waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to those claims expressly alleged in the Complaint and resolved in this Stipulation of Settlement and Order.

Q. The Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Stipulation of Settlement and Order and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

R. Each undersigned representative of the Defendant and the U.S. Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation of Settlement and Order and to execute and legally bind the Party he or she represents to this document.

S. Except as set forth in Paragraph N of this Stipulation of Settlement and Order, each party shall bear its own costs and attorneys' fees in this action.

T. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation of Settlement and Order.

U. This Stipulation of Settlement and Order may be signed in counterparts, and its validity shall not be challenged on that basis.

V. The terms of this Stipulation and Order may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to the Stipulation of Settlement and Order, it shall be effective only upon approval by the Court.

W. The Effective Date of this Stipulation of Settlement and Order shall be the date upon which this Stipulation of Settlement and Order is entered by the Court or a motion to enter the Stipulation and Order is granted, whichever occurs first, as recorded on the Court's docket.

X. Upon the Effective Date of this Stipulation of Settlement and Order by the Court, this Stipulation of Settlement and Order shall constitute a final judgment of the Court as to the United States and the Defendant.

SO ORDERED this _____ day of __________, 2026.

HON. RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

ALISON KELLY
Trial Attorney
Environmental Enforcement Section
Energy and Natural Resources Division
United States Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 532-3233
Alison.Kelly@usdoj.gov

FOR UNICO MARINE SERVICES, LLC:

______________________________